NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-2345
_____

W.R. and K.R., individually and o/b/o H.R.,
Appellants

v.

UNION BEACH BOARD OF EDUCATION, Monmouth County

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-09-cv-02268)
District Judge:  Honorable Mary L. Cooper
_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2011

Before: SLOVITER, HARDIMAN, and ALDISERT, Circuit Judges

(Filed   February 17, 2011 )

_____

OPINION
_____

1

SLOVITER, *Circuit Judge*.

W.R. and K.R., individually and on behalf of their minor son H.R., appeal the District Court's order granting Union Beach Board of Education's ("District") motion for judgment on the administrative record. We will affirm.

**I.**

H.R. is a student with multiple disabilities and is eligible for the services and protections of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq*. ("IDEA"). In October 2007, appellants filed a "Request for Due Process" challenging the School District's individualized education program ("IEP") for the 2007-08 school year as not providing H.R. with a free appropriate public education ("FAPE"). Thereafter, appellants filed another "Request for Due Process" challenging the 2008-09 IEP. The two matters were consolidated before an administrative law judge ("ALJ").

The ALJ found as a matter of fact "that the 2007-08 and 2008-09 IEPs were sufficiently reasonably calculated to provide H.R. with a free and appropriate public education in the least restrictive environment." App. at 51a. Nonetheless, the ALJ concluded as a matter of law that the District "failed to provide H.R. with a free appropriate public education in the least restrictive environment in the 2007-08 and 2008-09 school years, in that the [D]istrict has not provided meaningful educational benefit to H.R." App. at 60a.

On review, the District Court held that the ALJ's factual conclusion that the IEPs were reasonably calculated to provide H.R. with a FAPE in the least restrictive

environment compelled the conclusion that the IEPs conformed to the requirements of the IDEA. *W.R. v. Union Beach Bd. of Educ.*, 2010 WL 1644138, at *8 (D.N.J. Apr. 22, 2010). The District Court correctly noted that an IEP "is judged prospectively so that any lack of progress under a particular IEP, assuming *arguendo* that there was no progress, does not render that IEP inappropriate." *Id.* at *5 (quoting *Carlisle Area Sch. Dist. v. Scott P.*, 62 F.3d 520, 530 (3d Cir. 1995)). The District Court also rejected appellants' argument that the District violated the procedural requirements of the IDEA by depriving the parents of meaningful participation in the IEP process. *Id.* at *10.

## II.[1]

On appeal, appellants challenge only the District Court's conclusion that the parents were not deprived of meaningful participation in the IEPs. Specifically, appellants contend that they "consistently requested information from the District regarding the methodology which would be implemented to ensure that H.R. received an appropriate education" and that the District provided no information regarding its chosen methodology. Appellants' Br. at 5.

A procedural violation of the IDEA is actionable only if it impedes the child's right to a FAPE, significantly impedes the parents' right to participation, or causes a deprivation in benefits. *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 525-26

---

[1] The District Court had jurisdiction pursuant to 20 U.S.C. § 1415(i), and we have jurisdiction under 28 U.S.C. § 1291. In an IDEA case, we exercise plenary review over questions of law, but review the District Court's factual findings for clear error. *Shore Reg'l High Sch. Bd. of Educ. v. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004).

3

(2007). The District Court concluded that the parents were provided with a meaningful opportunity to participate in the IEP process and the District's IEPs contained an instructional methodology, of which the parents were informed.

As evidence that they were denied meaningful participation and never informed of the teaching methodology, appellants point to letters sent from appellants' attorney to the District, asking "[w]hat program or method of instruction are you using to remediate [H.R.'s] problem with reading?" Admin. R. at 344, 373. However, these same letters demonstrate that the parents, their lawyers, and the District had numerous meetings and correspondence regarding the substance of the IEP. The parents participated in IEP meetings for both the 2007-08 and 2008-09 school years. The parents and the District also communicated extensively about the details of H.R.'s reading program before the first due process petition was ever filed. Moreover, the District specifically informed the parents of the methodology they would employ: "As stated in the IEP, H.R. will receive a multi-sensory reading program that will utilize techniques from the Wilson Reading Program and other multi-sensory programs. . . . H.R. will receive reading instruction five (5) times a week for forty-five (45) minutes a day. The sessions will be in a small group in the resource room. At this time, the other students in the group are at approximately the same level as H.R." Admin. R. at 375. Indeed, the facts, as articulated by the ALJ and not challenged by the parties on appeal, evince a considerable back-and-forth between the District and the parents regarding the best method for teaching H.R.

4

These communications demonstrate both significant parent involvement and that the District communicated the methodology it sought to implement through the IEP, albeit a methodology with which the parents disagreed. However, as has been established, "once a court determines that the requirements of the Act have been met" neither parents nor courts have a right to compel a school district to employ a specific methodology in educating a student. *Bd. of Educ. v. Rowley*, 458 U.S. 176, 208 (1982).

Accordingly, the District Court appropriately concluded that the parents were meaningfully involved in the IEP process and were informed of the District's proposed educational methodology.

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.